## DUTTON *v.* WEARE.

It is no objection to a recovery against a town for the insufficiency of a highway that the plaintiff was travelling on Sunday.

If the general state of the road be such that wheeled carriages are used on it, the town should remove snow that remains in particular places in such quantities as to obstruct their passage.

CASE, for damages sustained by the plaintiff, on the 10th of March, 1844, by reason of an obstruction in the highway in said town, occasioned by snow-drifts, by which the plaintiff was delayed for a long time, his horses injured, his harnesses broken, and he put to great expense and trouble in proceeding on his journey, &c.

It was admitted that the road was a public highway, which the defendants were bound to keep in repair.

The evidence tended to show that the plaintiff was a teamster, and drove a large wagon, with eight horses, between Vermont and Boston, and lodged at a tavern in Weare about two miles from the place in question, on Saturday night, and was informed of the existence of a drift, and that it would be difficult for him to get through it with his load; that he started on Sunday morning, and took with him two men, a shovel, an extra horse and sled; and

when he found he could not pass with his whole load, took off a part of it, and placed it upon the sled, and then attempted to pass, but was unable to do so without detaching his team, and shovelling out the snow for fifteen or twenty rods, at the depth of from two to five feet, and in so doing was detained from between nine and a half o'clock A. M., till two and a half o'clock P. M., with the aid of two other men who came to his assistance, and that his horses were corked and injured, his harnesses broken, &c.

The defendant contended that, as the plaintiff undertook to travel on Sunday, he could maintain no action for any damages which might happen to him in this way on that day; but the court ruled otherwise.

The evidence tended to show that several days previous to this, the stages had run upon this road with wheels, and that the road above and below this place was principally bare, except occasional drifts in the woods, and that it would be impracticable for heavily loaded teams to travel thereon upon runners, and that some days previously a teamster had met with difficulty in passing this place, and had caused notice to be given to the surveyor of the district that the drift must be removed, or broken through, as wheels must be used; but he did nothing to it. The defendant offered evidence tending to show that, previous to this day, the drifts had remained hard, so that sleds and some carriages had passed safely, and that a thaw commenced rapidly, and the snow was softer on that day; and the defendant also offered evidence tending to show that the roads in the vicinity of the place of the accident in Weare were in a state suitable for sleds, and not for carriages; to the admission of which the plaintiff objected; and the court ruled that the evidence should be confined to the state and condition of this road, and not to other roads; to which ruling the defendant excepted. The court being requested by the defendant to give the jury special instructions, instructed them as follows, viz:

That if any obstructions occurred in the road on account of a sudden thaw on Sunday morning, the town were not bound to turn out on that day to remove them; that if any change of season makes it necessary to change vehicles, the town are bound to take notice of the change and to remove obstructions to such a mode of conveyance in a reasonable time, and a reasonable time must be allowed therefor; but that a reasonable time is only such time as will be requisite for that purpose, with the application of such a force as is at their disposal. But if the selectmen or the surveyor had notice that such a change in the mode of travel had become necessary, and that an obstruction existed in the highway, and had been requested to remove it, but neglected to do so, within such time as they might have done it with the force at their disposal, the town was liable, and the plaintiff should recover such damages as he suffered by reason of such neglect; but that if the damages occurred to him by reason of his own improvidence, he must bear it.

The jury returned a verdict for the plaintiff, and the defendant moved to set it aside, and for a new trial, for the causes appearing in the foregoing case.

*L. Smith* and *Pierce*, for the plaintiff.

*Danforth* and *Bell*, for the defendants.

Woods, J. The plaintiff has an undoubted right to drive his team upon the common highway on the first day of the week, provided that in so doing he wrought no disturbance to others, which there is no evidence in the case that he did. Rev. Stat., ch. 118, sec. 1. It cannot be said, therefore, that the busness in which he was obstructed was an unlawful business, in the pursuit of which the law may perhaps be found to deny the protection which it accords to those who are engaged in lawful avocations.

By the Revised Statutes, ch. 37, sec. 1, it is enacted, that "in case any special damage shall happen to any person, or to his team or carriage, by reason of the obstruction, insufficiency, or want of repair of any highway or bridge in any town, the person injured shall recover his damage in an action against such town."

The case finds that the plaintiff did incur a special damage by reason of snow, which obstructed the highway; but the defendants rely upon the peculiar circumstances which appear, to show that this was not such an obstruction, insufficiency, or want of repair in the highway, as the statute is intended to make them answerable for.

They say that, previous to the day on which the damage was sustained, the snow, which was the occasion of it, was so hard that teams passed over it, and that a sudden thaw caused it to yield at that time to the weight of the load, and thus to obstruct the passage, and to occasion the damage to the plaintiff's horses and tackling, which was proved.

We think the instructions of the court on this point were such as to cause the defendants no ground for just exception, and to take away entirely this answer or excuse for the fault imputed to them. The general condition of the road was such that none but vehicles having wheels could be used upon it, the snow having disappeared except in places in which it had accumulated by drifting, or in which it was in some manner protected against the heat. Now it is clearly the duty of towns to keep their roads in repair and free from obstructions, so that they can be used with reasonable safety. Such was the charge of the court. But there was a point of time, not easy to ascertain, in which these accumulations of snow, which had during the winter facilitated the use of the road, became, in consequence of the gradual disappearance of the snow and ice from other parts of it, an obstruction. To meet this exigency the court charged on the subject of the town's duties

with great lenity.   They said, in substance, that the town should have removed the obstruction with as much dispatch as the means at their disposal enabled them to use, after notice to the selectmen, or to the surveyor, that such obstruction existed; or, in other words, after notice that, in the progress of the change of the seasons, the road had in general become so denuded of snow, that wheel carriages had been resumed, and that snow remained in heaps at certain points, and obstructed the traveller.   If towns have any duties whatever in regard to roads, and if the public are not obliged to suspend travelling entirely until the agencies of nature shall have removed the obstructions and repaired the waste which the elements have caused, it is difficult to describe duties less onerous and obligations less liable to be broken, through misfortune and sudden exigence, than those which were intimated by the charge of the court.  It gave the defendants the full benefit of the fact which they insisted upon.

The defendants further offered to prove that " the roads in the vicinity of the place of the accident, in Weare, were in a state suitable for sleds, and not for carriages." But the court confined them to evidence of the state and condition of the road complained of; and to this ruling the defendants excepted.  It is not easy to frame a grave answer to such an exception.  Neither business nor pleasure appears to have required the plaintiff to travel upon these other roads at that time.   The town is not charged in this action with a general neglect of its roads ; nor is it a defence, when a fault of this kind is established in proof, to show that there are cases in which a duty has not been neglected, because it required nothing to be done.

We have no doubt that, upon the question whether the state of the road complained of was such as to require it to be put and kept in order for wheel carriages, or for sleds and sleighs, the evidence was correctly limited to that road, and that the state of other roads was immaterial;

that the towns are bound to adapt the repairs of their pub-
lic roads to the shifting exigencies of the seasons, and that,
upon notice of such an obstruction as the case finds, they
are bound to proceed with promptness to remove it; and
that the court's charge was favorable to the defendant upon
these points.          *Judgment on the verdict.*